BARREAL, PETICIONARIO Y APELANTE, v. LABIOSA, ALCAIDE DE
LA CÁRCEL DEL DISTRITO DE MAYAGÜEZ, DEMANDADO Y APE-
LADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en procedimiento de *habeas corpus.*

No. 1363.—Resuelto en enero 30, 1919.

HABEAS CORPUS—ASESINATO EN PRIMER GRADO—FIANZA MIENTRAS SE CELEBRA
EL JUICIO—PENA DE MUERTE.—Disponiéndose claramente en la sección 2 de
la vigente Ley Orgánica de esta isla que empezó a regir el 2 de marzo de
1917, que toda persona podrá, antes de ser convicta, prestar fianza con sufi-
ciente garantía excepto por crímenes capitales cuando la prueba sea evidente
o la presunción grande, y no estando el peticionario acusado de delito que
apareje pena de muerte por no existir ahora, de acuerdo con nuestro Código
Penal enmendado, delito alguno castigado con la pena de muerte que fué abo-
lida hasta el 30 de abril de 1921, por la Ley No. 36 de 30 de noviembre, 1917,
de la Asamblea Legislativa de Puerto Rico, tiene derecho a que se le fije
fianza para estar en libertad mientras se celebra el juicio por el delito de ase-
sinato en primer grado de que ha sido acusado.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Angel A. Vázquez.*
Abogado del apelado: *Sr. S. Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

El apelante Juan Rodríguez Barreal compareció ante la
Corte de Distrito de Mayagüez con una petición de *habeas
corpus* alegando que estaba preso ilegalmente porque a pesar
de que no se le imputa la comisión de un delito que apareje
pena de muerte no se le ha señalado fianza para estar en liber-
tad hasta que se celebre el juicio y porque su detención es ar-
bitraria e ilegal porque no hay causa probable para acusársele
como autor de un crimen que lleve aparejado pena de muerte,
dado que actualmente no existe en Puerto Rico ley alguna
que autorice tal pena por ninguna clase de delito.

En la vista ante el juez de distrito se demostró que según
el mandamiento por virtud del cual el alcaide de la cárcel de
Mayagüez tiene en prisión a Juan Rodríguez Barreal, el fiscal
del distrito de Mayagüez ordenó dicho arresto por imputár-

sele al peticionario el delito de asesinato en primer grado, y
en el mandamiento nada se dice con respecto a fianza.

De la otra prueba que se presentó aparece que Juan Ro-
dríguez Barreal, vecino del barrio de Lajas, denunció a Pablo
Pérez Lamboy porque en la madrugada de cierto día violó
a una hija del denunciante, de diez años y medio de edad,
y también a la criada a cuyo cuidado la había dejado y que
cuando Pérez Lamboy firmaba su declaración ante el juez
de paz de Lajas entró en el juzgado Juan Rodríguez Barreal
e inmediatamente disparó una pistola contra Lamboy, ma-
tándolo.

El juez de distrito negó la petición de *habeas corpus* fun-
dado no en que el delito que se imputa al peticionario apa-
rejase la pena de muerte y por consiguiente que de acuerdo
con el artículo 372 del Código de Enjuiciamiento Criminal
no podía estar en libertad bajo fianza sino en que, según el
artículo 373, cuando se imputa otra clase de delito es discre-
cional en la corte el conceder la fianza y que en este caso
concreto no quería hacer uso de esa discreción en favor del
peticionario en vista de la naturaleza de los hechos ocurridos.

De la resolución del juez inferior se deduce su opinión
respecto a que actualmente no puede retenerse a persona al-
guna en prisión sin fianza por mandato expreso de la ley,
de acuerdo con el artículo 372 que la prescribe para los delitos
castigados con pena capital, sino que ahora no existe, de
acuerdo con nuestro Código Penal enmendado, delito alguno
castigado con pena de muerte, porque ésta fué abolida hasta
el 30 de abril de 1921 por la Ley No. 36, de 30 de noviembre
de 1917.

Como en este particular pensamos como el juez inferior
lo único que hay que considerar, es si no estando el peticio-
nario acusado de pena capital tiene derecho a que se le fije
fianza o si la concesión de fianza es discrecional.

No tenemos que considerar ahora si el artículo 373 del
Código de Enjuiciamiento Criminal sostiene o no la conclu-
sión del juez inferior pues la actual Ley Orgánica de esta

isla, que empezó a regir el 2 de marzo de 1917, dispone claramente en su artículo 2°., entre otras cosas, que toda persona podrá, antes de convicta, prestar fianza con suficiente garantía excepto por crímenes capitales cuando la prueba sea evidente o la presunción grave.

De acuerdo con este precepto y no estando el peticionario acusado de delito que apareje pena de muerte tiene derecho a que se le fije una fianza para estar en libertad mientras se celebre el juicio por el delito de que se le ha acusado.

Nos parece que en un caso como el presente, una fianza de quinientos pesos es suficiente.

La resolución apelada debe ser revocada.

> *Revocada la resolución apelada y dictada otra en su lugar señalando al acusado una fianza de quinientos dollars para poder permanecer en libertad provisional.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.